UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| TEQUILA JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:21-CV-354 |
| | ) |
| CORPORATION SERVICE COMPANY | ) |
| d/b/a FAMILY DOLLAR, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Corporation Service Company's Motion to Dismiss for Failure to State a Claim [Doc. 5] and Plaintiff Tequila Johnson's construed Motion to Amend the Complaint [Doc. 10].[1] For the following reasons, Plaintiff's construed Motion to Amend [Doc. 10] is **GRANTED** and Defendant's Motion to Dismiss [Doc. 5] is **DENIED.** However, since the amended complaint does not name Defendant as the party-defendant, Defendant will be **DISMISSED** from this action.

### I. BACKGROUND

On September 10, 2021, Plaintiff filed a negligence lawsuit against Defendant in the Circuit Court of Knox County, Tennessee. [Doc. 1-1]. Plaintiff's complaint alleges that on or about

---

[1] Plaintiff did not formally move for leave to amend her complaint. However, in her response to Defendant's Motion to Dismiss, Plaintiff states that "the appropriate remedy is not dismissal, but to allow an amendment of the Complaint to comply with [federal pleading standards], and to allow service of process to be perfected upon Family Dollar." [Doc. 10, at 2]. Defendant has attached her proposed amended complaint as Doc. 10-1. Therefore, the Court will construe this statement from Plaintiff as a motion to amend her complaint under Fed. R. Civ. P. 15(a)(2). *See, e.g.*, *Holland v. Red River Trucking, LLC*, No. 10-cv-218, 2011 U.S. Dist. LEXIS 64137, at *24 n.5 (E.D. Ky. June 10, 2011) ("In Plaintiffs' Response to Defendant's Motion for Judgment on the Pleadings, Plaintiffs stated that 'if the Court deems the present allegations insufficient[,] the Trustees would request leave to file a Second Amended Complaint . . ..' This Court shall construe this statement as a Motion to Amend Plaintiffs' Complaint under Rule 15(a)(2)."). Plaintiff is **ON NOTICE** that any further requests to amend her pleadings should be the subject of a separate motion filed with the Court.

September 15, 2020, she was injured in a Family Dollar store when she slipped and fell due to the store's failure to maintain the floor in a reasonably safe condition. [*Id.* at 4]. She seeks damages for medical expenses, pain and suffering, and permanent disability in the sum of $375,000.00. [*Id.* at 4–5]. In her complaint, Plaintiff is identified as a resident of Tennessee, and Defendant is identified as doing business as "Family Dollar" with a place of business in Knox County, Tennessee. [*Id.* at 1]. The summons was addressed to Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203-1312. [*Id.*].

Defendant removed Plaintiff's action to this Court on October 15, 2021, asserting that the Court has jurisdiction by reason of diversity of citizenship of the parties. [Doc. 1, at 1]. Defendant states that it is a Virginia corporation, with its principal place of business in Virginia, and therefore it is not a citizen of Tennessee. [*Id.* at 2]. Defendant then moved to dismiss Plaintiff's complaint on October 22, 2021. [Doc. 5].

Defendant's Motion to Dismiss is predicated on what it believes to be fatal errors in both the content of Plaintiff's complaint and her service of process. Defendant argues that it is merely Family Dollar's registered agent in Tennessee, and that it is not otherwise affiliated with Family Dollar retail stores. [*Id.* at 1]. Plaintiff's removed complaint names Defendant, not a Family Dollar entity, as the party-defendant in this lawsuit. [Doc. 1-1, at 1]. Accordingly, Defendant contends that: (1) Plaintiff has failed to serve Family Dollar, the proper party to this lawsuit; and (2) Plaintiff's one-year statute of limitations period has expired, so she cannot remedy her error by amending her pleadings. [Doc. 5, at 1]. Defendant also argues that Plaintiff has failed to satisfy federal pleading requirements. [*Id.* at 1–2; Doc. 6, at 3–5].

In response, Plaintiff states that Defendant failed to provide the Court with a copy of her amended complaint, filed on October 11, 2021, four days before Defendant's notice of removal

was filed. [Doc. 10-1]. The amended complaint names "Family Dollar" as the party-defendant, not Defendant, but it is otherwise identical in substance. [*Id.* at 1]. Plaintiff has not yet served Family Dollar or Defendant with a copy of the amended complaint. [Doc. 10, at 2 (requesting that Plaintiff be allowed to perfect service upon Family Dollar); Doc. 11, at 1–3]. Defendant's motion is now ripe for review.

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the plaintiff's complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that create a reasonable inference that the defendant is liable for the alleged conduct in the complaint. *Id.*

When considering a motion to dismiss under Rule 12(b)(6), a court accepts the allegations in the complaint as true and construes them in a light most favorable to the plaintiff. *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," however. *Iqbal*, 556 U.S. at 678. A plaintiff's allegations must consist of more than "labels," "conclusions," and "formulaic recitation[s] of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citation omitted); *see Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (citation omitted)).

### III.   ANALYSIS

Instead of dismissal, Plaintiff requests leave to amend her complaint and to perfect service on the correct party-defendant, Family Dollar. The Court has accordingly construed Plaintiff's response [Doc. 10] as a motion to amend her complaint. When both a dispositive motion and a motion to amend are pending, the Court must first address the motion to amend. *See Ellison v. Ford Motor Co.*, 847 F.2d 297, 300 (6th Cir. 1988) ("[I]t was an abuse of discretion for a district court to dismiss a suit on the basis of the original complaint without first considering and ruling on a pending motion to amend." (citing *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987)).

#### A. Motion to Amend

Fed. R. Civ. P. 15 governs the amendment of pleadings in federal court.[2] Under Rule 15, a party may amend its pleading once as a matter of course within twenty-one days after serving it, or if the pleading is one to which a responsive pleading is required, twenty-one days after service of a responsive pleading or twenty-one days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). Plaintiff did not amend the removed complaint as a matter of course within the twenty-one-day window provided from the filing of Defendant's Motion to Dismiss on October 21, 2021. [Doc. 6, at 1]. At this juncture, Plaintiff can only amend her pleadings with Defendant's written consent or the Court's leave. Fed. R. Civ. P. 15(a)(2). The Court "should freely give leave when justice so requires." *Id.*

As an initial matter, Plaintiff faults Defendant for not attaching her amended complaint, filed in state court, to its notice of removal. However, upon removal, Defendant is only required to provide the materials that were served upon it. 28 U.S.C. § 1446(a). There is no indication from

---

[2] "It is a long-recognized principle that federal courts sitting in diversity 'apply state substantive law and federal procedural law.'" *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 417 (2010) (citing *Hanna* v. *Plumer*, 380 U.S. 460, 465 (1965)).

the record that Defendant was even aware of Plaintiff's amended complaint until the filing of her response to the motion to dismiss, much less that Defendant was served with the amended complaint.

Further, Defendant's amended complaint was filed in state court on October 11, 2021, more than one year after the date of her injury, and it has yet to be filed before this Court, which at present has uncontested jurisdiction over this action. *See* 28 U.S.C. § 1446(d) (stating that after a notice of removal is filed, the "State court shall proceed no further unless and until the case is remanded"). The one-year statute of limitations on Plaintiff's claim has thus expired. *See* Tenn. Code Ann. § 28-3-104(a)(1)(A) (stating that actions for "injury to the person" must be commenced "within one (1) year after the cause of action accrued"). Therefore, the Court must determine if Plaintiff can permissibly bring Family Dollar, a new party, into the action after the expiration of the statute of limitations for her claim.

Under Sixth Circuit precedent, Plaintiff cannot add or substitute new parties after the statute of limitations has run on her claim. *See Ham v. Sterling Emergency Servs. of the Midwest, Inc.*, 575 Fed. App'x 610, 616 n.5 (6th Cir. 2014) ("[W]hile Rule 15(c) permits the correction of misnomers, it 'does not permit the addition *or substitution* of new parties' after the expiration of the statute of limitations." (emphasis in original) (citations omitted)). Such an amendment "establishes a new and independent cause of action which cannot be maintained when the statute has run, for the amendment is one of substance rather than one of form and brings into being one not presently in court." *United States ex rel. Statham Instruments, Inc. v. Western Cas. & Surety Co.*, 359 F.2d 521, 523 (6th Cir. 1966).

However, Rule 15(c) of the Federal Rules of Civil Procedure provides that when an amendment changes the party against whom a claim is asserted, the amendment will "relate back"

to the date of the original pleading if: (1) the claim asserted in the amended pleading arises out of the conduct, transaction, or occurrence set forth in the original pleading; (2) the added party received notice of the suit in the 90 days following the filing of the original complaint; (3) the notice was such that the added party will not be prejudiced in maintaining a defense on the merits; and (4) the added party knew or should have known that but for a mistake of the identity of the proper party, the action would have been brought against it. Fed. R. Civ. P. 4(m), 15(c); *Moore v. City of Harriman*, 272 F.3d 769, 774 (6th Cir. 2001)).

"The notice required by Rule 15(c) can be either actual or constructive." *Beverly v. MEVA Formwork Sys., Inc.*, 500 F. App'x 391, 394 (6th Cir. 2012) (citing *Force v. City of Memphis*, 101 F.3d 702 (6th Cir.1996) (table) (citing *Berndt v. Tennessee*, 796 F.2d 879 (6th Cir. 1986))). "Factors relevant to whether a defendant received constructive notice include the relationship of the new defendants to the defendant(s) originally named, whether the same attorney represented both original and new defendants, and whether the new defendants are officials of the original defendant." *Ham,* 575 F. App'x 610, 617–18 (6th Cir. 2014) (citations and internal quotation marks omitted).

Defendant is Family Dollar's registered agent in Tennessee and is not otherwise affiliated with Family Dollar. [Doc. 5, at 1]. Accordingly, Defendant argues that Family Dollar would be a new party to the litigation under Rule 15, and that Plaintiff's complaint could not relate back. The Court disagrees. The claim asserted in Plaintiff's proposed amended pleading [Doc. 10-1] clearly arises out of the same slip-and-fall detailed in the original complaint. The Supreme Court has held that "the question under [Rule 15(c)] is not whether the plaintiff knew or should have known the identity of [] the proper defendant, but whether [the proper defendant] knew or should have known that it would have been named as a defendant but for an error." *Krupski v. Cosa Crociere S.p.A.*,

560 U.S. 538, 548 (2010). While "the purpose of the relation back doctrine is 'to balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure . . . for resolving disputes on their merits,'" "'repose would be a windfall for a prospective defendant who understood or who should have understood[] that he escaped suit during the limitations period only because the plaintiff misunderstood a crucial fact about his identity.'" *Pelfrey v. Hotel Partners*, No. 3:10-cv-483, 2013 U.S. Dist. LEXIS 101200, at *7–*8 (E.D. Tenn. July 19, 2013) (citing *Krupski*, 560 U.S. at 550).

This is not a situation where Plaintiff does not know the identity of the party she intends to sue. Plaintiff's intent, from the four corners of her complaint, has always been to sue the entity responsible for the Family Dollar store where she obtained her injuries while shopping. While Defendant is not a misnomer of Family Dollar, it is Family Dollar's registered agent for service of process in the state of Tennessee. Further, Defendant's attorneys are employed by Carr Allison PC. Carr Allison has represented Family Dollar entities, such as Family Dollar Stores of Alabama, LLC, Family Dollar Stores of Florida, LLC, and Family Dollar Stores, Inc., as recently as December 2021 in other litigations across the southeastern United States.[3] It can be reasonably inferred, then, that Family Dollar received notice of this suit when Defendant was served with the complaint. *See Pelfrey*, 2013 U.S. Dist. LEXIS 101200, at *5–*6 (granting leave to amend after the expiration of the statute of limitations where, *inter alia*, the party-defendant and intended defendant shared a post office box); *Williams v. TLD America Corp.*, No. 3:08CV-510-H, 2010 U.S. Dist. LEXIS 9130, at *8 (W.D. Ky. Feb. 3, 2010) (finding that notice to the party-defendant constituted notice to the other intended defendants because, *inter alia*, the companies all used the

---

[3] *See, e.g.*, *Adkins v. Family Dollar Stores of Fla., LLC*, No. 3:18-cv-1257 (M.D. Fla. 2018); *Price v. Family Dollar Stores of Ala., LLC*, No. 2:21-cv-155-AMM (N.D. Ala. 2021); *Rogers v. Gory et al.*, No. 2:19-cv-345 (S.D. Ala. 2019); *Burr v. Family Dollar Stores, Inc. et al.*, No. 8:21-cv-2254-CEH-AEP (M.D. Fla. 2021).

same registered agent and registered address, where the plaintiff sent his original complaint); *State Farm Mut. Auto Ins. v. BMW of N. Am. LLC*, No. 08-12402, 2009 U.S. Dist. LEXIS 69074, at *6–*7 (E.D. Mich. Aug. 7, 2009) (permitting amendment where plaintiff advanced no new claims and the amended complaint merely "rectified" plaintiff's misidentification of defendant). The Court therefore finds that Family Dollar had timely, constructive notice of Plaintiff's lawsuit, and that it should have known, but for Plaintiff's mistake, that the suit would have been brought against it.

The Court has yet to put down a scheduling order in this action, and discovery has not begun. There will be no prejudice to Family Dollar in maintaining a defense on the merits if it is brought into the litigation at this stage, and as discussed above, a disposition on the merits is favored by the Federal Rules. In light of the foregoing, and in the interest of justice, Plaintiff's construed Motion to Amend [Doc. 10] to amend her complaint is **GRANTED**.

### B. Motion to Dismiss

Having decided that Plaintiff can amend her complaint outside the statute of limitations, the only remaining issue in Defendant's Motion to Dismiss [Doc. 5] is whether the allegations in the proposed amended complaint satisfy federal pleading standards. In her proposed amended complaint, Plaintiff states Family Dollar breached their duty of care to her when she "was caused to trip and/or fall by [Family Dollar]'s failure to maintain the floor in a reasonably safe condition," which resulted in "serious and permanent injuries throughout her body." [Doc. 10-1, at 2]. She further pleads that Family Dollar owned and maintained the premises, that Family Dollar owed her a duty of care as a business invitee, that the dangerous condition which caused her to fall was not open and obvious, and that she was not warned about the dangerous condition. [*Id.*]

Under Tennessee law, "a negligence claim requires a plaintiff to prove the following elements: (1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant

falling below the standard of care amounting to a breach of the duty; (3) an injury or loss; (4) causation in fact: and (5) proximate causation." *Rice v. Sabir*, 979 S.W.2d 305, 308 (Tenn. 1998). Further, although business owners "are not insurers of their patrons' safety, they are required to use due care under all circumstances." *Martin v. Washmaster Auto Center, USA*, 946 S.W.2d 314, 318 (Tenn. Ct. App. 1996) (citing *Smith v. Inman Realty Co.*, 846 S.W.2d 819, 822 (Tenn. App. 1992)). "In order for an owner or operator of premises to be held liable for negligence in allowing a dangerous or defective condition to exist on its premises, it must be shown that the condition (1) was caused or created by the owner, operator, or his agent, or (2) if the condition was created by someone other than the owner, operator, or his agent, there must be actual or constructive notice on the part of the owner or operator that the condition existed prior to the accident." *Id.* (citations omitted).

Here, the allegations of Plaintiff's complaint allege sufficient facts to satisfy these elements. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Plaintiff alleges that she fell and was injured in a Family Dollar store after she slipped on the floor, because Family Dollar breached the duty of care it owed to her by failing to maintain the floor in a reasonably safe condition. This is sufficient to permit the Court to reasonably infer that Family Dollar is liable for the alleged misconduct.

Defendant argues that Plaintiff's proposed amended complaint contains mere legal conclusions and does not identify the "dangerous conditions" that form the basis of her lawsuit. [Doc. 6, at 5; Doc. 11, at 6]. However, the identity of the specific dangerous condition that injured Plaintiff can be more thoroughly explored through discovery, and her failure to list a specific

condition does not run afoul of *Twombly* and *Iqbal*. *See Pelfrey v. Hotel Partners*, No. 3:10-cv-483, 2013 U.S. Dist. LEXIS 152649, at *6 (E.D. Tenn. Oct. 24, 2013) ("Defendant's arguments that Hotel Partners does not know how Plaintiff slipped and fell and does not know what caused Plaintiff to fall are subjects that are more properly the subject of discovery and/or a motion for summary judgment, not a motion to dismiss.") Accordingly, Defendant's Motion to Dismiss [Doc. 5] is **DENIED**.

### IV.　　CONCLUSION

For the foregoing reasons, Plaintiff's construed Motion to Amend [Doc. 10] is **GRANTED**, and Defendant's Motion to Dismiss [Doc. 5] is **DENIED**. Plaintiff has **ten (10) days** from the date of this order to file her amended complaint. Since the amended complaint does not name Defendant as the party-defendant, Defendant is hereby **DISMISSED** from this action.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
